IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PRIMO BAGGIOLINI,<br>　　Plaintiff, | §<br>§<br>§ |
| VS. | §    CIVIL ACTION NO. 4:21-CV-1293-P |
| | § |
| ALTISOURCE HOLDINGS LLC, et al.,<br>　　Defendants. | §<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSAL OF CLAIMS AGAINST "UNKNOWN, JOHN DOE, NOTE HOLDER 1-500"

On November 23, 2021, Plaintiff, *pro se*, filed a Complaint against Defendants Altisource Holdings LLC, Western Progressive Trustee LLC, IndyMac Loan Trust 2005-ARIS, Note Holder 1-500,[1] and "Unknown, John Doe, Note Holder 1-500." "Under rule 4(m), when a plaintiff fails to serve a defendant . . . the district court has two choices: It may either 'dismiss the action without prejudice . . . or direct that service be effected within a specified time.'" *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing Fed. R. Civ. P. 4(m) ("Rule 4(m)"). An extension of time is mandatory if Plaintiff proves good cause exists. *Id.*

In an April 8, 2022, Order [doc. 24], the Court ordered Plaintiff to file either proof of proper service of the summons and complaint upon Defendant John Doe, Note Holder 1-500 *or* an instrument in affidavit form establishing good cause why proof cannot be filed. As of the date of this Order, Plaintiff has neither provided proof of proper service of the summons and complaint upon Defendant "Unknown, John Doe, Note Holder 1-500" *or* provided the Court with an instrument in affidavit form establishing good cause as to failure of service. As such, the Court **RECCOMENDS** dismissal of this action pursuant to Rule 4(m).

---

[1] Defendant Note Holder 1-500 was terminated on December 21, 2021.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 17, 2022,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 2, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE