IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRIMO BAGGIOLINI, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-1293-P |
| | § | |
| ALTISOURCE HOLDING, LLC, et al., | § | |
|     Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS ALTISOURCE HOLDINGS LLC, WESTERN PROGRESSIVE TRUSTEE LLC, AND INDYMAC LOAN TRUST 2005-ARIS' 12(b)(6) MOTION TO DISMISS AMENDED COMPLAINT

Pending before the Court is Defendants Altisource Holding, LLC, Western Progressive Trustee LLC, and IndyMac Loan Trust 2005-ARIS'[1] (collectively, "Defendants") 12(b)(6) Motion to Dismiss Amended Complaint [doc. 16], filed January 21, 2022. The undersigned entered an order on April 14, 2022 [doc. 25], converting the motion into a motion for summary judgment[2] and permitting Plaintiff Primo Baggiolini (hereinafter, "Baggiolini" or "Plaintiff") to file any

---

[1] Defendant IndyMac Loan Trust 2005-ARIS alleges that "Deutsche Bank is the trustee of the securitized trust mentioned in Plaintiff's pleadings and is the proper party to this lawsuit to the extent claims are asserted against the trust." (Def.'s Converted Motion ("Def.'s Convert. Mot.") at 1.) In his response to the Court's conversion order, Baggiolini also states that "Deutsche Bank is merrily [sic] a trustee of trust titled as 'INDYMAC INDX MORTGAGE LOAN TRUST AR18." (Plaintiff's Response to Converted Motion for Summary Judgment ("Pl.'s Resp. to Convert. Mot.") at 1.)

"Traditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 383 (2016) (quoting *Klein v. Bryer*, 227 Md. 473, 476-77 (1962); Restatement (Second) of Trusts § 2 (1957)). Generally, a trustee, rather than the trust itself, is the proper party to be sued. *See In re Contractor Tech., Ltd.*, Bankr. No. 05-37623, 2006 WL 189259 (S.D. Tex. June 20, 2006); *See* George Gleason Bogert, et al., Remedies Against Third Persons for Other Wrongs (2nd. Ed. Rev.) § 869, at 114).

The Court finds that Deutsche Bank is, indeed, the appropriate Defendant in the current lawsuit, as it is the trustee of the securitized trust, referred to by Plaintiff as IndyMac Loan Trust 2005-ARIS. Hereinafter, the Court will refer to Defendant IndyMac Loan Trust 2005-ARIS as Deutsch Bank trustee or "DB Trustee."

[2] Hereinafter, the Court will refer to Defendants' motion as the "converted motion" to accurately reflect its summary judgment nature.

additional briefing or evidence regarding the conversion. Plaintiff filed additional briefing in his Response to the Court's Order which consisted of previously submitted documents as well as some additional materials, including documents from a previous lawsuit filed by Plaintiff in the Eastern District of Texas which is the subject of Defendants' *res judicata* defense herein. [doc. 26]. The Court, having carefully considered the converted motion, the parties' submissions, and all relevant applicable law, recommends that Defendants' converted motion for summary judgment be **GRANTED** and that all claims against them be **DISMISSED**.

## I. BACKGROUND

This lawsuit involves a dispute surrounding a foreclosure of real property located at 139 Via Fuchsia, Paso Robles, California 93446 (hereinafter, "Property"). Plaintiff filed *pro se* claims against Defendants on November 23, 2021 [doc. 1].[3] On December 21, 2021, Plaintiff filed his Amended Complaint [doc. 8] against Defendants Altisource Holding, LLC, Western Progressive Trustee, LLC, and IndyMac Mortgage Loan Trust 2005-ARIS, challenging, *inter alia*, the Property's "faulty foreclosure."[4] (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 2.) Without presenting any evidence or documentation to the Court as to his alleged identity as a lienholder on the Property or, even at a minimum, his relationship to the Property, Plaintiff maintains he is a junior lienholder on a loan associated with the Property. *Id.* He asserts the "first

---

[3] United States District Judge Mark Pittman referred the case to United States Magistrate Judge Hal Ray the same day [doc. 23]. Judge Ray ordered Plaintiff to re-plead his complaint with a basis for the Court's jurisdiction on November 30, 2021 [doc. 5]. On December 21, 2021, Plaintiff filed his Amended Complaint, the live pleading before the Court [doc. 8].

[4] Plaintiff also listed as Defendant "Unknown, John Doe, Note Holder 1-500." The undersigned recommended dismissal of all claims against said Defendant. United States District Judge Mark Pittman accepted the recommendation, overruled Plaintiff's objection, and dismissed claims against Defendant "Unknown, John Doe, Note Holder 1-500" on May 19, 2022.

2

lean(sic) holders"[5] benefitted from PHH Mortgage Service[6] and Western Progressive, LLC's "inaccurate accounting" and that this action lead to the effective "eliminat[ion] [of] Plaintiff's equity in [his] investment [in the Property]." *Id.* On January 21, 2022, Defendants Altisource Holding, LLC, Western Progressive, LLC, and IndyMac Loan Trust 2005-ARIS by and through DB Trustee, filed this converted motion seeking summary judgment based on the defense doctrine of *res judicata*. (Defendants' Converted Motion ("Defs.' Convert. Mot.") at 1-2.) Defendants claim Baggiolini is "attempting to re-litigate" and "resurrect" claims from a previous lawsuit regarding the Property and seek dismissal of Plaintiff's claims as a matter of law. *Id.*

### A. The Previous Lawsuit – *Ocwen*

On March 5, 2019, Baggiolini filed a *pro se* Complaint in the Eastern District of Texas, Sherman Division, listing Ocwen Financial Corporation (hereinafter, "OFC"), Ocwen Loan Servicing, LLC, and Western Progressive, LLC as Defendants. *See generally Baggiolini v. Ocwen Fin. Corp., et al.*, No. 4:19-CV-156-ALM-CAN, 2020 WL 813044 (E.D. Tex. Feb. 19, 2020) (hereinafter, "*Ocwen*" or "previous lawsuit."). In *Ocwen*, Baggiolini "sought to enjoin foreclosure by a senior lienholder [on the Property]," and asserted claims under the Real Estate Settlement Procedure Act ("RESPA") and Truth in Lending Act ("TILA"). (Def.'s Convert. Mot. at 2.) Defendants filed their Motion to Dismiss Plaintiff's Complaint [*Ocwen* doc. 6] on March 26, 2019, which was subsequently rendered as moot by Plaintiff's filing his Amended Complaint [*Ocwen* doc. 15] on May 2, 2019. Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint [*Ocwen* doc. 17] on May 16, 2019.

---

[5] Plaintiff identifies the "first lean(sic) holders" as "INDYMC(sic)-INDEX MORTGAGE TRUST 2005-ARIS," which the Court refers to as DB Trustee. *See* discussion, *supra*; (Pl.'s Am. Compl. at 2.)

[6] PHH Mortgage ("PHH") is not a named Defendant in the current case, though Plaintiff states in his Amended Complaint that PHH manages "invoicing and maintain[s] accounting" for the Property. (Pl.'s Am. Compl. at 2.)

3

On December 12, 2019, the United States Magistrate Judge recommended dismissal of all Baggiolini's claims against Defendants, finding, *inter alia*, that Baggiolini "is not a signatory or otherwise obligated on the [Property's] Note" and, further, that his "name is absent from the Note, Deed of Trust, or any of the relevant documents relating to the origination of the [Property's] [l]oan." *Baggiolini v. Ocwen Fin. Corp.*, No. 4:19-CV-156-ALM-CAN, 2019 WL 8331423, at *5 (E.D. Tex. Dec. 12, 2019), *recommendation adopted*, 2020 WL 813044 (E.D. Tex. Feb. 19, 2020). The District Court adopted the Magistrate Judge's recommendation [*Ocwen* doc. 68] and reiterated the Magistrate Judge's finding that Baggiolini "is not a successor in interest to the [Property's] borrowers," and that "Plaintiff's claims for declaratory or injunctive relief or equitable accounting, if any, fail as a matter of law." *Baggiolini*, 2020 WL 813044, at *1. Baggiolini timely filed his notice of appeal with the Fifth Circuit, but his appeal was dismissed in August 2020 after he failed to timely file his brief. Roughly four months after his appeal was dismissed, Baggiolini filed the current lawsuit.

### B. The Current Lawsuit

In the Plaintiff's Amended Complaint [doc. 8], Baggiolini asserts the Property's foreclosure was "faulty" and seeks to have the Court permit him to (1) "retain control, usage and [be] responsible for the care of the property;" or (2) "to have the property deeded back to him;" and issue "subpoenas [to review] all of the ironies data by servers' (sic), past and present, abusive accounting practice of interest charge rate." (*Id.* at 2, 3.) Plaintiff asks the Court to "[a]rrive at a correct accounting [of the Property and its loan documents], to submit [the accounting] to title company and [to] pay the just due to whomever has the Original documents to justly claim the funds." (Plaintiff's Response to Defendants' Motion to Dismiss ("Pl.'s Resp. to Mot. to Dismiss") at 3.)

4

In their Converted Motion for Summary Judgment [doc. 16], Defendants direct the Court to Baggiolini's previous lawsuit, *Ocwen*, and assert the defense doctrine of *res judicata*. (Def.'s Convert. Mot. at 5.) Defendants state the current lawsuit meets each element of *res judicata*: First, Defendants claim that the Defendants in the current case are either identical to or in privity with the Defendants in *Ocwen*. *Id*. at 5. Next, Defendants assert that the prior judgment in *Ocwen* was rendered by a court of competent jurisdiction and that the prior action was concluded by a final judgment on the merits. *Id*. at 7. Lastly, Defendants allege that the same claim or cause of action was involved in both the current lawsuit and in *Ocwen*. *Id*. at 8. Defendants also state that, regardless of the Court's application of the doctrine, Baggiolini's "claims are too vague to establish any cause of action regardless of whether the court applies res judicata." *Id*. at 10.

In his additional briefing provided after the Court's conversion of Defendants' Motion to Dismiss into a Motion for Summary Judgment, Plaintiff, although not completely coherently, apparently contests only the identicality/privity of the parties and the sameness of the nature of the causes of action involved in *Ocwen* and the present lawsuit. (Pl.'s Resp. to Convert. Mot. at 3.) Specifically, Plaintiff asserts that "all parties [in the current lawsuit] are completely different and unrelated [to the *Ocwen* parties]," and that *Ocwen* aimed to "to clarify the authority [of parties involved in the Property's foreclosure]." *Id*. at 3.

## II.   LEGAL STANDARD

The moving party is entitled to summary judgment as a matter of law when the pleadings and evidence before the court show that no genuine issue exists as to any material fact. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.3d 1067, 178 (5th Cir. 1990). Disposing of a case through summary judgment serves to

5

reinforce the purpose of the Federal Rules of Civil Procedure, "to achieve the just, speedy, and inexpensive determination of actions, and when appropriate, [afford] a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

All of the evidence must be viewed in the light most favorable to the nonmovant, but the movant may not satisfy his or her summary judgment burden with either conclusory allegations or unsubstantiated assertions. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 255 (1986) (citations omitted); *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citations omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The party moving for summary judgment meets its burden by informing the courts of the basis of its motion and by identifying the portions of the record which reveal that there are no genuine material fact issues. *Celotex*, 477 U.S. at 323. A party demonstrates that no genuine issue of material fact exists through the pleadings, depositions, admissions, and affidavits. Fed. R. Civ. P. 56(c). If the movant meets its burden, the burden shifts to the nonmovant, who must direct the court's attention to evidence in the record sufficient to establish that there *is* a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24 (emphasis added). To do this, the nonmovant "must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant must demonstrate that the evidence.

## III. ANALYSIS

### A. Applicability of the Doctrine of *Res Judicata*

The principal issue before the Court is whether Plaintiff's claims are barred by the doctrine of *res judicata*.[7] Simply put, "*res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (emphasis added) (quoting *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940)). This protection extends to available claims/defenses "regardless of whether they were asserted or determined in the prior proceeding." *Id.* Additionally, the doctrine "may be pleaded as a bar not only as respects matters actually presented . . . 'but also as respects any other available matter which might have been presented to that end.'" *Chicot*, 308 U.S. at 378 (quoting *Grubb v. Pub. Utilities Comm'n*, 281 U.S. 470, 470 (1930)). *Res judicata*'s application varies depending on which party is successful in the previous lawsuit. If a party defending a claim prevails in the prior lawsuit, judgment acts as a bar to matters that *could have been litigated* in the original lawsuit. *See Barr*, 837 S.W.2d at 628 (emphasis added).[8] In determining whether *res judicata* prevents a claim from continuing litigation, the Fifth Circuit employs a four-pronged test:

> (1) The parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases.

*Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 395 (5th Cir. 2004); *see also In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999) (citing *Swate v. Hartwell*, 99 F.3d 1282, 1286 (5th Cir. 1996)).

---

[7] *Res judicata* is intertwined with the term "claim preclusion." *See Barr v. Resolution Trust Corp. ex. rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). The doctrine's policies "reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Id.* (quoting Zollie Seakley & Weldon U. Howell, Jr., Rumination on Res Judicata, 28 Sw. L.J. 355, 358-59 (1974)).

[8] In contrast, if a party asserting the claim prevails, the cause of action is merged into judgment and ceases to exist. *Id.*

7

The record before the Court conclusively establishes that prongs two and three of the *res judicata* test are undisputed, that is—that the *Ocwen* judgment was rendered by a court of competent jurisdiction and that the *Ocwen* judgement was final and on the merits. The Court will, thus, only address prongs one and four of the *res judicata* test.

### 1. Prong 1: Whether the Parties are Identical or in Privity.

First at issue is whether Plaintiff's current lawsuit involves the same parties and/or parties in privity as in *Ocwen*. Strict, matching identities of the parties is not necessary to satisfy the identity element of *res judicata*, so long as the parties are *in privity* with the named defendants. *See Russell v. Sun America Sec.'s, Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992) (emphasis added); *see also Nev. v. U.S.*, 463 U.S. 110, 129, 103 (1983). An expansive concept, privity requires the Court look at the "surrounding circumstances to determine whether claim preclusion is justified." *Id.*

> Privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation, and (3) where the non-party's interests were adequately represented by a party to the original suit.[9]

*Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990) (citing *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990)).

#### a. Altisource Holding, LLC

"[A] non-party defendant can assert *res judicata* so long as it is in 'privity' with the named defendant[s]." *Torello v. Mortgage Elec. Registration System, Inc.*, 2013 WL 2289526, 3:12-CV-2726-O-BH at *6 (N.D. Tex. June. 28, 2013) (quoting *Russell v. SunAmerica Sec., Inc.*, 962 F.2d

---

[9] A non-party's interests are deemed adequately represented in a prior lawsuit when the party in the prior lawsuit's interests are "so closely aligned to the [non-party's] interests as to be [the non-party's] virtual representative. This requires more than a showing of parallel interests – it is not enough that the non-party may be interested in the same questions or proving the same facts." *Gulf Island-IV, Inc. v. Blue Streak-Gulf Island Ops.*, 24 F.3d 743747 (5th Cir. 1994) (quoting *Eubanks v. F.D.I.C.*, 977 F.2d, 166, 170 (5th Cir. 1992)).

8

1169, 1173 (5th Cir. 1992)); *see also Meza*, 908 F.2d at 1262. Specifically, a defendant in a second action that is a "successor by merger" to a defendant in the first action has a relationship that establishes privity between both defendants. *Butts v. JP Morgan Chase Bank*, 2011 WL 7109344, 3:11-CV-2542-M-BD at *2 (Dec. 28, 2011), *recommendation adopted*, 2012 WL 258269 (N.D. Tex. Jan. 27, 2012).

There is no dispute that Altisource Holding, LLC was not a named party in Baggiolini's *Ocwen* lawsuit. Altisource Holding, LLC is a subsidiary of parent companies OFC and Ocwen Loan Servicing. (Def.'s Convert. Mot. at 6.) As a successor in interest to the Property, Altisource Holding, LLC's interests were adequately represented by OFC in the previous lawsuit.

Based on the foregoing, the relationship between OFC, Ocwen Loan Servicing and Altisource Holding, LLC is sufficient to establish privity under *Meza*'s controlling Fifth Circuit precedent. *See Meza*, 908 F.2d at 1266; *see also*, 2011 WL 7109344, at *2 (Dec. 28, 2011); *see also Meza*, 908 F.2d at 1266. Thus, the first element of *res judicata* is satisfied as to Altisource Holding, LLC.

### b. Western Progressive Trustee, LLC

Regarding Western Progressive, LLC, the entity's trustee was a named party in the previous lawsuit. Plaintiff has presented no evidence to dispute this fact. Thus, the first element of *res judicata* is satisfied as to Western Progressive Trustee, LLC.

### c. IndyMac Loan Trust 2005-ARIS, by and through DB Trustee

IndyMac Loan Trust 2005-ARIS nor its trustee, Deutch Bank, were named parties to the previous lawsuit. It appears uncontested, however, that Deutch Bank served as trustee for the Property's loan in question. *See* discussion, *supra*; (Pl.'s Resp. to Convert. Mot. at 1.) Plaintiff's attached "Exhibit 2015-004494" [doc. 20], filed January 21, 2022, provides a document titled "Substitution of Trustee," and confirms that Plaintiff knew DB Trustee was responsible for the

9

Property's loan at the time he filed the previous lawsuit. Indeed, it appears that Plaintiff's previous pleadings are riddled with accusations about DB Trustee's handling of the property's loan and that DB Trustee's interest in the Property's loan and other interests were adequately represented in the previous lawsuit. As such, it appears that DB Trustee, though a non-party to the original lawsuit, satisfies *Meza* and is in privity with the current lawsuit's Defendants. Thus, the first element of *res judicata* is also satisfied as to IndyMac Loan Trust 2005-ARIS by and through DB Trustee.

Based on the foregoing, Plaintiff has failed to meet his burden to show that the parties in *Ocwen* and the current lawsuit are different; thus, as a matter of law, the Court finds the parties are the same or in privity with each other and that Defendants Altisource Holding, LLC, Western Progressive, LLC, and IndyMac Loan Trust 2005-ARIS by and through DB Trustee have satisfied the first prong of *res judicata*.

**2. Prong 4: Whether the Same Claim or Cause of Action are Involved in Both Lawsuits**

The next contested issue amongst the parties is whether Plaintiff's current claims surrounding the Property's loan are the same claims he raised, or could have raised, in *Ocwen* and whether the lawsuits involve the same causes of action. The Court will examine (1) if Plaintiffs claims are, in fact, the same; and (2) if Plaintiff could have brought the instant claims in his earlier lawsuit.

The Fifth Circuit utilizes the transactional test of Section 24 of the Restatement (Second) of Judgments. *See* Restatement (Second) of Judgments, § 24; *Petro-Hunt, LLC.*, 365 F.2d 295-96 (5th Cir. 2004). In its determination, rather than examine the type of relief requested or advanced theories, the Court must determine whether the two actions are based on "the same nucleus of operative facts." *See Eubanks*, 977 F.2d at 171 (quoting *Matter of Howe*, 913 F.2d 1138, 1144-45 (5th Cir. 1990); *In re Air Crash at Dallas/Ft. Worth Airport*, 861 F.2d 814, 816 (5th Cir. 1988)). That is, whether a "grouping of facts" are related in time, space, origin, or motivation." *Test*

10

*Masters Educ. Serv.'s, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (quoting *Petro-Hunt*, 365, F.3d at 396). "The preclusive effect of a prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'"[10] *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010) (quoting *Petro-Hunt*, 365, F.3d. at 395-6 (quoting Restatement (Second) of Judgments Sec. 24(a) (1982).).

### a.  Operative Facts in *Ocwen* and the Current Lawsuit

The previous lawsuit, *Ocwen*, was Plaintiff's effort to halt foreclosure on the Property by senior lienholders by obtaining from the Court declaratory or injunctive relief or equitable accounting [doc. 5]. Plaintiff claimed to be a junior lienholder on the Property's loan and alleged Defendants OFC, PHH Mortgage Corporation (a successor of Ocwen Loan Serving, LLC), and Western Progressive, LLC violated RESPA and TILA. *Id*. Specifically, in *Ocwen*, Plaintiff claimed that Defendants erred in their accounting and maintenance of the Property's loan. *Id*. The current lawsuit is also Plaintiff's attempt to enjoin the Property's foreclosure. Plaintiff asks the Court to permit further discovery regarding the loan, issue subpoenas to "recover data to reconstruct a correct balance to date on [the] loan," and halt the foreclosure process before "borrowers . . . open escrow for refinancing or possible sale." (Pl.'s Am. Compl. at 3.) In his own words, the current lawsuit is Baggiolini's attempt to "settle are(sic) difference with a compromise . . . [and] arrive at a correct accounting [of the Property's loan]." (Pl.'s Resp. to Convert. Mot. at 3.)

### b.  "Transactional Test" Analysis

Plaintiff's claims in both the previous and current lawsuits arise from the same transactions, or series of connected transactions: (1) Plaintiff claims to be a junior lienholder on the Property

---

[10] "If a party can only win the suit by convincing the court that a prior judgment was in error, the second suit is barred." *N.Y. Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000).

11

serviced by OFC and its subsidiaries; (2) Plaintiff attempts to stop the Property's foreclosure; and (3) Plaintiff asserts that the Property's loan accounting, service, and maintenance was faulty. In the current lawsuit, Plaintiff attempts to raise an additional issue of accounting by claiming PHH Mortgage Services, a non-defendant in the current lawsuit, submitted to Western Progressive, LLC an "overly gross accounting" and that the Property's senior lien holders (represented by and through DB Trustee) are unlawfully benefiting from said accounting. (Pl.'s Am. Compl. at 2.) This issue is not novel. In the previous lawsuit's amended complaint, Plaintiff claimed Defendants OFC, PHH Mortgage Services, and Western Progressive, LLC, *inter alia*, failed to properly calculate the "princepal(sic) and interest due on [the Property's] loan." [doc. 15]. Plaintiff attempts to use this new verbiage to support alleged different theories of recovery, though all of his allegations are related to the same nucleus of operative facts: a dispute involving the accounting and foreclosure of the Property.

Should Baggiolini have desired additional discovery or subpoenas regarding the loan's accounting, he *could have* litigated this in the previous lawsuit. See *Barr*, 837 S.W. 2d at 628. Considered together, all of Baggiolini's claims are related in time, space, origin and motivation in that they form a "convenient trial unit" that supports his end goal of assessing the legality of the Property's loan and halting Property's foreclosure. *See Test Masters*, 428 F.2d, at 571 (quoting Restatement (Second) of Judgments 24 § (2)). Based on the foregoing, the Court finds Plaintiff has failed to meet his burden to show that the causes of action in *Ocwen* and the current lawsuit are different. Accordingly, the Court finds the same claims and/or causes of action exists as to both the previous and current lawsuits and, thus, the fourth element of *res judicata* is satisfied as to Defendants Altisource Holding, LLC, Western Progressive, LLC, and IndyMac Loan Trust 2005-ARIS by and through DB Trustee.

Specifically, the Court finds that current lawsuit Defendants Altisource Holding, LLC, Western Progressive, LLC, and IndyMac Loan Trust 2005-ARIS by and through DB Trustee have met their burden of establishing all elements of their *res judicata* defense in the present case and that their converted motion for summary judgment should be **GRANTED** and that all claims against them should be **DISMISSED**.[11]

## IV.   CONCLUSION

For the reason set forth above, the Court **RECOMMENDS** that Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [doc. 16] be **GRANTED** and the above-styled and numbered cause be **DISMISSED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d

---

[11] Based on the above application and finding regarding the applicability of *res judicata*, the Court declines to address Defendants' argument that Baggiolini's claims are "too vague to establish any cause of action." (Def.'s Convert. Mot. at 10.)

1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 21, 2022,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 7, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/adh